UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23 CR 29 SNLJ (ACL) |
| | ) |
| WILLIE LEE HENDERSON, III, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF DETENTION PENDING TRIAL**

**Part I – Eligibility for Detention**

Upon the Motion of the Government attorney pursuant to 18 U.S.C. § 3141, et seq., the Court held a detention hearing on February 9, 2023. In consideration of the evidence (Government Exhibits #1 and #2) and information presented during the hearing, as well as the Pretrial Services (PTS) Report (Doc. 11), the undersigned finds that detention is warranted. This Order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i).

The Defendant allegedly sold psilocybin mushrooms to a confidential informant, which resulted in the execution of a search warrant at the Defendant's residence. On November 21, 2022, investigating officers seized a nine-millimeter pistol loaded with twelve rounds of ammunition, nearly 1.5 pounds of psilocybin mushrooms, 32 pounds of marijuana edibles, seven doses of LSD, and digital scales. The Defendant's prior conviction for domestic assault causes him to be prohibited from possessing firearms. At the time of his arrest for the instant offense more than two months after the search, the Defendant was in possession of three additional firearms.

**Part II –Presumption Under § 3142(e)**

There is not a presumption for detention in this case.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g), the PTS Officer's detention recommendation, and the information presented at the detention hearing, the Court concludes that the Defendant must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The Government has also proven by a preponderance of evidence

that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

In concluding that the Defendant must be detained, the Court has considered the following:

1) The Defendant is 28 years old.  He was born in Illinois and moved to Missouri with his family when he was eleven years old.  The Defendant has lived at his current residence for the past four years and his landlord describes him as a "good tenant."

2) The Defendant has three siblings and reported that they live in Illinois, Indiana, and Missouri.  Although he indicated his mother lives in Wisconsin, the Defendant's mother reported that she lives in Kentucky.

3) The Defendant reported a four-year relationship with his girlfriend.   He has two children from relationships with two different women.  Prior to his arrest in this matter, the Defendant maintained full custody of his children.

4) The Defendant quit school after the ninth grade.  He later obtained his high school equivalency test and earned a certificate from the local university as part of a small business startup program.  The Defendant indicated he operates a personal training business out of his home in a designated "dojo" area, and he meets some clients at local gyms.  He also operates a website from which he sells fitness merchandise.  The Defendant noted that he had previous employment history in home health.  The Defendant shared that he is a former kickboxing champion and that he has lingering injuries from his last sanctioned fight on October 28, 2022.

5) The Defendant reported no history of suffering from a mental health condition.

6) The Defendant acknowledged that he began using marijuana at the age of fifteen.  He indicated that he experimented with other substances, however, did not identify what specific substances.  The Defendant's mother explained that he previously used methamphetamine, pain pills, and that he "huffed" gasoline as a child.

7) The Defendant's criminal history began when he was seventeen years old.  He has two felony convictions—one for Property Damage First Degree from 2012 and one for Theft that was reduced from Robbery Second Degree from 2013.  He received probation in the two felony cases and completed those terms.  The Defendant's first conviction was for misdemeanor Theft in 2011 and he was sentenced to ten days of confinement.  His second conviction was for Domestic Assault Third Degree from an incident that occurred on January 6, 2013.  The underlying offense conduct involved the Defendant punching the mother of his child in the face and forcing her out of his residence.  *See* Government Exhibit #1.  The victim in that case sought two Orders of Protection against the Defendant *after* that incident, but withdrew the requests--first on March 7, 2013, and then

    again on January 2, 2014.  The Defendant's last misdemeanor conviction was for Peace Disturbance following the complaint by a neighbor that for a one-year period he heard constant yelling and banging against the walls coming from the apartment the Defendant shared with a woman.  The victim indicated he was willing to testify against the Defendant and the woman.  The officer who investigated the complaint on January 22, 2018, noted that fifteen calls of peace disturbance had been made against the couple.  *See* Government Exhibit #2.  Another individual secured an Order of Protection against the Defendant in 2012, and it was granted for a period of one year on August 23, 2012.

8) As previously noted, on November 21, 2022, during the execution of a search warrant, investigating officers seized a nine-millimeter pistol loaded with twelve rounds of ammunition, nearly 1.5 pounds of psilocybin mushrooms, 32 pounds of marijuana edibles, seven doses of LSD, and digital scales from the Defendant's home where he and his children reside.  When he was arrested in the instant case, the Defendant was in possession of three additional firearms.

9) The Defendant is subject to a lengthy period of incarceration if convicted in that the applicable sentencing range includes up to fifteen years of imprisonment.  The Defendant has multiple out-of-state ties and a prior failure to appear.

    The record before the Court provides clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance.

## Part IV – Directions Regarding Detention

    The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    /s/ *Abbie Crites-Leoni*
    United States Magistrate Judge

Dated:  March 7, 2023